UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH BYRD,

    Plaintiff,

v.

CASE NO. 18-14075
HONORABLE VICTORIA A. ROBERTS

MELINDA BRAMAN,
R. GRACE, FNU METELLUS,
and CHAPLAIN MEYERS,

    Defendants.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT

### I. Background

This matter came before the Court on Keith Byrd's *pro se* civil rights complaint for money damages under 42 U.S.C. § 1983. Plaintiff is a state prisoner at the Cooper Street Correctional Facility in Jackson, Michigan. According to him, the defendants are employed by the Michigan Department of Corrections (MDOC) at the Parnall Correctional Facility in Jackson, Michigan. Melinda Braman is the warden; R. Grace is a resident unit manager; Metellus works in the mail room; and Meyers is the chaplain.

Plaintiff alleges that he is a Muslim and a member of the Nation of Islam Prison Reform Ministry. He further alleges that, on March 15, 2018, someone notified him that a newspaper and a religious book that he ordered would not be delivered to him and that a hearing would be held before he could receive the items. Ultimately, correctional officials confiscated Plaintiff's religious materials. He contends that this was done in

violation of state law, an MDOC policy directive, and his constitutional and statutory right to practice his religion.

## II. Legal Framework

The Court granted Plaintiff permission to proceed without prepaying the filing fee. Under the Prison Litigation Reform Act of 1996, a federal district court must screen and dismiss an indigent prisoner's complaint if the allegations are frivolous, malicious, fail to state a claim for which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; 42 U.S.C. § 1997e(c)(1); *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983, under which he "may bring a private cause of action against anyone who, under color of state law, deprives [him] of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Guertin v. Michigan*, 912 F.3d 907, 915 (6th Cir. 2019) (quoting *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012)). Plaintiff must prove two elements to prevail: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law. *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

### III. Analysis

The United States Court of Appeals for the Sixth Circuit recently acknowledged that a Muslim inmate had a constitutional right to practice his religion. *See Maye v. Klee*, 915 F.3d 1076 (6th Cir. 2019) (affirming the district court's denial of qualified immunity to two chaplains who prevented a Muslim inmate from attending an Islamic ceremony). Nevertheless, because vicarious liability is not applicable to § 1983 suits, a civil rights plaintiff must plead what each government-official defendant, through the official's own individual actions, did to violate the Constitution. *Iqbal*, 556 U.S. at 676. In other words, damage claims against governmental officials for alleged violations of constitutional rights cannot be founded upon conclusory, vague, or general allegations, but must instead show what *each* defendant did to violate the plaintiff's rights. *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (emphasis in original); *see also Ridgeway v. Kentucky*, 510 F. App'x 412, 413 (6th Cir. 2013) (stating that a plaintiff must "provide detail as to how each defendant allegedly violated his constitutional rights").

Plaintiff does not allege what each of the defendants did to violate his federal rights, and his conclusory allegations that the defendants violated his constitutional rights, without specific factual support, do not state a plausible claim for relief under section 1983. *Agema v. Allegan*, 826 F.3d 326, 333 (6th Cir. 2016) (citing *Iqbal*, 556 U.S. at 680). Plaintiff's allegations lack facial plausibility because they do not provide sufficient factual content for the Court to infer that each defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

The Court summarily dismisses the complaint without prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court also certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

s/ Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: 3/20/19

4